EXHIBIT A

ELECTRONICALLY FILED
2021 Jul 13 AM 10:16
CLERK OF THE DOUGLAS COUNTY DISTRICT COURT
CASE NUMBER: 2021-CV-000259

## IN THE DISTRICT COURT OF DOUGLAS COUNTY, KANSAS

| | |
|---|---|
| CAMDEN BRODDLE, individually and on behalf of all others similarly situated, ) ) ) Plaintiff, ) ) v. ) ) ASSURANCE IQ, LLC, ) ) Serve: C T Corp. System, Registered Agent ) 711 Capitol Way, S Suite 204 ) Olympia, Washington 98501 ) ) Defendant. ) | Case No.: **Jury Trial Demanded** |

### CLASS ACTION PETITION

COMES NOW Plaintiff Camden Broddle, individually, and on behalf of all others similarly situated, and for his Class Action Complaint against Defendant Assurance IQ, LLC, states:

### BACKGROUND AND PARTIES

1. Plaintiff Camden Broddle ("Broddle") brings this case to protect the privacy rights of himself and a class of similarly situated people who were called on their cell phones by Defendant Assurance IQ, LLC ("Assurance"). Assurance IQ, LLC called Broddle and the putative class members on their cell phones without the recipients' consent. Further, the calls were made after Broddle and the putative class members registered their phone numbers on the National Do Not Call Registry.

2. In the early 1990s, Congress enacted the Telephone Consumer Protection Act ("TCPA") to protect consumers' privacy rights, namely, the right to be left alone from unwanted telemarketing calls. A leading sponsor of the TCPA described unwanted telemarketing calls as "the scourge of modern civilization." 137 Cong. Rec. 30821 (1991).

3. The TCPA protects people from receiving marketing calls on their cell phones by requiring the caller to first obtain the recipient's "prior express written consent" to receive calls. The penalty for violating this provision of the TCPA $500 per call, and up to $1,500 per call if the TCPA is willfully or knowingly violated.

4. The TCPA also affords special protections for people who registered their cell phone numbers on the National Do Not Call Registry. Specifically, the TCPA provides that each person who receives more than one call on their cell phone after being registered on the National Do Not Call Registry is entitled to recover a penalty of $500 per call, and up to $1,500 per call if the TCPA is willfully or knowingly violated.

5. From January 2021 until June 2021 alone, approximately 26.4 billion robocalls were placed in the United States. RobocallIndex.com, YouMail Robocall Index, https://robocallindex.com/history/time (last visited July 13, 2021). The private right of enforcement of the TCPA is critical to stopping the proliferation of these unwanted telemarketing calls. For example, while the Federal Communications Commission levied over $200 million in penalties against telemarketers between 2015 and 2018, it collected less than $7,000 of that amount. *See* Sarah Krouse, *The FCC Has Fined Robocallers $208 Million. It's Collected $6,790*, THE WALL STREET JOURNAL, March 28, 2019, https://www.wsj.com/articles/the-fcc-has-fined-robocallers-208-million-its-collected-6-790-11553770803.

6. Broddle is an individual who resides in Douglas County, Kansas.

7. Broddle brings this action on behalf of himself and all others similarly situated.

8. Assurance is a Washington Limited Liability Company who at all times material to this Petition has been in good standing.

9. Assurance transacts business in Kansas and throughout the United States.

10. Assurance's filings with the Washington Secretary of State describe the nature of Assurance's business as providing insurance products and "other financial products through a digital platform to retail consumers."

11. This Court has personal jurisdiction over Assurance because it has solicited business in the State of Kansas, conducts business in the State of Kansas, has committed the acts described below in the State of Kansas and otherwise has sufficient minimum contacts with the State of Kansas, and such contacts are continuous and systematic.

## Background

12. Assurance markets its products and services, in part, through placing pre-recorded telephone calls to prospective customers' cellular phones.

13. Broddle is the owner of a cell phone. His cell phone number is 316-XXX-5487.

14. Broddle did not provide his cell phone number to Assurance.

15. Broddle had no prior business relationship with Assurance.

16. Broddle never inquired of Assurance about any insurance or financial products.

17. Broddle did not grant Assurance prior express written consent to be called on his cell phone.

18. On January 8, 2021, Broddle registered his cell phone number on the National Do Not Call Registry.

19. Over the course of the last year, Broddle received at least 17 prerecorded voicemails from Assurance that state, in part, "Hi, I'm calling from the Assurance health department and we're calling to assist with your application from healthinsurance.net. When you have a moment, give us a call back and we will connect you with one of our licensed agents. Call us back at 844-394-0579. Again, give us a call back at 844-394-0579. Thank you."

20. Broddle was not in the market for health insurance or any other type of insurance at the time the calls were received. Further, he never submitted an application on the website www.healthinsurance.net.

21. The website www.healthinsurance.net is owned and operated by Assurance.

22. Broddle never visited the website www.healthinsurance.net before receiving calls from Assurance.

23. The phone number 844-394-0579 is operated by Assurance and is a number used by Assurance to conduct business.

24. Upon calling the phone number 844-394-0579, the caller is connected to a representative of Assurance.

25. Broddle received more than two calls from Assurance after being registered more than 31 days on the National Do Not Call Registry.

26. Assurance's conduct violated the privacy rights of Broddle and the putative class members, and they were subject to annoying and harassing calls. Assurance's calls intruded upon the rights of Broddle and the putative class members to be free from invasion of their interest in seclusion.

27. Assurance's conduct caused Broddle and the putative class members to waste time addressing and/or otherwise responding to the unwanted calls.

28. On information and belief, Assurance placed prerecorded voicemail calls for the purpose of selling its products and services. Assurance placed those calls to Broddle and members of the putative class without first obtaining their prior express written consent.

## Count I - Violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.*

29. Broddle incorporates by reference the allegations of the previous paragraphs as if fully stated in this count.

30. The TCPA states, in part:

> It shall be unlawful . . . (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using [a] prerecorded voice . . . (iii) to any telephone number assigned to a . . . cellular telephone . . . .

47 U.S.C. § 227(b)(1).

31. The TCPA defines a "telephone solicitation" as a "call or message for the purpose of encouraging the purchase of goods, or services which is transmitted to any person." 47 U.S.C. § 227(a)(4).

32. The Federal Communications Commission's regulations implementing the TCPA provide that telephone solicitations cannot be made to a recipient without the recipient's "prior express written consent." *See* FCC 12-21, CG Docket 02-278 (effective October 16, 2013); 47 C.F.R. § 64.1200(a)(2).

33. The term "prior express written consent" as defined by the Code of Federal Regulations means "an agreement, in writing, bearing the signature of the person called that clearly authorizes the seller to deliver or cause to be delivered to the person called advertisements or telemarketing messages using an automatic telephone dialing system or an artificial or prerecorded voice, and the telephone number to which the signatory authorizes such advertisements or telemarketing messages to be delivered." 47 C.F.R. § 64.1200(f)(8)(i).

34. The TCPA provides for a private right of action and statutory damages of at least $500 per violation, and up to $1,500.00 per violation. 47 U.S.C. § 227(b)(3); (c)(5).

## Class Allegations

35. Pursuant to K.S.A. §60-223 *et seq.*, Broddle brings this lawsuit as a class action on behalf of himself and all others similarly situated. This action satisfies the requirements of numerosity, commonality, typicality, and adequacy of representation.

36. The proposed classes which Broddle seeks to represent are defined as follows:

> **Prerecorded voice class:** All persons with cellular phones having area codes 316, 620, 785 and 913 during the time period from four years prior to the filing of this action until the date a class is certified, to whom Assurance placed a prerecorded voice call.
>
> **Do Not Call Registry Class:** For the period from four years prior to the filing of this suit until the date a class is certified, all persons in the United States who: (1) received more than one telephone call or text message from Assurance (or someone acting on its behalf) during a 12-month period; and, (2) were registered on the Do Not Call Registry for more than 31 days at the time the calls were received.

37. On information and belief, Assurance placed phone calls to the cell phones of Broddle and the putative class members without the recipients' prior express written consent.

38. On information and belief, Assurance placed prerecorded voice calls to hundreds if not thousands of wireless telephone numbers.

39. By making calls to the cell phones of Broddle and the putative class members without first obtaining their prior express written consent, Assurance violated the express provisions of the TCPA, including, but not limited to, 47 U.S.C. § 227(b)(l).

40. Assurance knew or should have known that the putative class members did not provide their prior express written consent to receive calls on their cellular phones.

41. The TCPA provides that is a violation of the law for a person whose phone number is registered on the National Do Not Call Registry to receives more than one call on their cell phone "within any 12-month period by or on behalf of the same entity." *See* 47 U.S.C. §§

227(c)(1), (c)(5); 47 C.F.R. § 64.1200(c)(ii).

42. The penalty for each call placed in violation of the TCPA's restrictions on calling cell phone numbers registered on the National Do Not Call Registry is $500 per call and up to $1,500 per call if the violation is determined to be willful. *See* 47 U.S.C. §§ 227(c)(5).

43. In addition, the TCPA allows the Court to enjoin Assurance's violations of the TCPA's regulations prohibiting calls to cell phone numbers registered on the National Do Not Call Registry. *See* 47 U.S.C. §§ 227(c)(5)(A).

44. By making calls to the cell phones of Broddle and the putative class members after their numbers were registered on the National Do Not Call Registry, Assurance violated the TCPA, including, but not limited to, 47 U.S.C. §§ 227(c)(1) and the TCPA's corresponding regulations.

45. Assurance knew or should have known that the putative class members had their numbers registered on the Do Not Call Registry.

46. Broddle and the putative class members are entitled to damages of $500.00 per violation for each call made by Assurance and up to $1,500.00 per violation if the Court finds that Assurance willfully violated the TCPA.

47. On information and belief, there are thousands of persons in the proposed class, and the class is so geographically diverse that joinder of all members is impracticable.

48. Broddle's claims are typical of the classes he seeks to represent. Assurance placed prerecorded voice calls to Broddle and the putative class members without first obtaining their prior express written consent to be called on their cellular phones. Assurance also placed multiple calls to Broddle and the putative class members more than 31 days after Broddle and the putative class members were registered on the National Do Not Call Registry.

49. Broddle's claims and the claims of the putative class members are based on the same legal theories and arise from the same unlawful conduct thereby resulting in the same injury to Broddle and the putative class members.

50. There are questions of law and fact common to the class. Common questions include, but are not limited to:

 a. Whether Assurance placed prerecorded voice calls to the cell phones of the members of the putative class without obtaining the recipients' prior express written consent;

 b. Whether Assurance made prerecorded voice calls to the cell phones of members of the proposed class;

 c. Whether Assurance placed calls to the putative class members after they were registered on the National Do Not Call Registry for more than 31 days;

 d. Whether Assurance's conduct violates 47 U.S.C. § 227(b);

 e. Whether Assurance's conduct violates 47 U.S.C. § 227(c);

 f. Whether Assurance's conduct violates the rules and regulations implementing the TCPA; and,

 g. Whether Broddle and the members of the proposed class are entitled to increased damages based on the willfulness of Assurance's conduct.

51. Broddle will fairly and adequately represent the putative class members. Broddle has retained counsel experienced in the prosecution of class actions. Broddle is committed to vigorously prosecuting the claims presented in this petition. Neither Broddle nor Broddle's counsel have any interests adverse or in conflict with the absent class members.

52. The questions of law and fact common to the members of the proposed class predominate over any questions of fact affecting any individual member of the proposed class.

53. A class action is superior to other methods for the fair and efficient adjudication of this controversy. Because the damages suffered by the individual class members may be relatively small compared to the expense and burden of litigation, it is impracticable and economically infeasible for class members to seek redress individually.

## Demand for Judgment

WHEREFORE Plaintiff Camden Broddle, individually, and on behalf of all others similarly situated, requests the Court grant the following relief:

a. Enter an order against Defendant Assurance IQ, LLC, pursuant to K.S.A. §60-223 *et seq.*, certifying this action as a class action and appointing Plaintiff Camden Broddle as the class representative;

b. Enter an order appointing Butsch Roberts & Associates LLC as counsel for the class;

c. Enter judgment in favor of Broddle and the putative class for all damages available under the TCPA, including statutory damages of $500 per violation, or up to $1,500 per violation if Assurance willfully violated the TCPA;

d. Enter a judgment in favor of Broddle and the putative class that enjoins Assurance from violating the TCPA's regulations prohibiting Assurance from calling numbers registered on the National Do Not Call Registry;

e. Award Broddle and the class all expenses of this action, and requiring Assurance to pay the costs and expenses of class notice and administration; and,

f. Award Broddle and the class such further and other relief the Court deems just and appropriate.

**BUTSCH ROBERTS & ASSOCIATES LLC**

By: /s/  Christopher E. Roberts
Christopher E. Roberts #24528
231 South Bemiston Ave., Suite 260
Clayton, MO 63105
(314) 863-5700 (telephone)
(314) 863-5711 (fax)
croberts@butschroberts.com

Attorney for Plaintiff Camden Broddle